UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LESTER C. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:00-CV-719 PS |
| | ) | |
| HERB NEWKIRK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Lester Jones submitted a complaint under 42 U.S.C. § 1983, alleging that Westville Correctional Facility officials failed to protect him from being assaulted by another inmate and denied him medical attention for his injuries. This case is before the Court on the plaintiff's second amended complaint. [Doc. 135]

On February 11, 2003, the Court denied the plaintiff's motion for summary judgment, granted defendants Vales and Lowenthal's motion for judgment on the pleadings, and granted defendants Newkirk, Calloway, Carey and Gherke's motion for summary judgment in part, and denied it in part, leaving Correctional Sergeant John Carey as the sole defendant. On April 21, 2003, the Court reinstated Nurse Katherine Lowenthal as a defendant, but on November 5, 2004, it dismissed Nurse Lowenthal at the plaintiff's request pursuant to Fed. R. Civ. P 41(a). The plaintiff has now filed a second motion for summary judgment against Sgt. Carey pursuant to Fed. R. Civ. P. 56.

### I. FACTUAL BACKGROUND

In his second amended complaint, Mr. Jones alleges that he was assaulted during recreation by inmates who believed he was a snitch and that Sergeant Carey was called to the scene. He states that he asked Sgt. Carey not to return him to the dorm because he feared being assaulted there. Nevertheless, according to the complaint, Sgt. Carey took Mr. Jones back to the dorm and when the other inmates returned from recreation, several of them beat, kicked, and stomped him, injuring him severely.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

**A. Legal Standards**

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But to establish liability, the prisoner "must show subjective culpability, establishing that the prison officials acted either deliberately or

with 'deliberate indifference' to the inmate's health or safety. This latter element requires that the official 'knows of and disregards an excessive risk to inmate health or safety[.]' '[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). (citations omitted without ellipsis).

Thus, to establish a prison official's liability in a failure to protect case, a prisoner "must establish that the official knew of the risk (or a high probability of the risk) and did nothing . . . Mere negligence (for example if a prison guard should know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably." *Pope v. Shafer*, 86 F.3d at 92, *citing Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

**B. Was Sgt. Carey deliberately indifferent to the plaintiff's safely?**

Mr. Jones submits his own declaration stating his version of events, and submits numerous documents, including the defendants' response to his request for admissions and Sgt. Carey's declaration, which the defendants submitted in support of their earlier summary judgment motion.

Mr. Jones's third request for admissions to the defendants asked them to admit that:

> The plaintiff informed defendant Carey while at recreation that he had been assaulted by inmates in the recreational area and vehemently pleaded with said defendant not to send him back to the dorm because he had been labeled as a snitch and the problem would escalate if sent back to the dorm.

(See Plf. Ex. B at 1). The defendants denied this request for admission. In his declaration, Sgt. Carey disputed Mr. Jones's version of events, stating that he does not recall Mr. Jones "saying that he had been threatened or was in danger," and that if Mr. Jones had said that he had a problem that would not have been remedied by taking him back to the dorm, "I would not have taken him back there."

In considering whether any genuine issues of material fact exist, a court must view the record and extract all reasonable inferences from the evidence in the light most favorable to the

3

nonmoving party. *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d at 298. In its memorandum and order of February 11, 2003, denying summary judgment to both Sgt. Carey and Mr. Jones, the court stated that "if Sgt Carey knew that Mr. Jones had been assaulted in the yard and was in further danger if he returned to the dorm, then a reasonable factfinder could conclude that Sgt. Carey showed deliberate indifference to his safety by returning Mr. Jones to the dorm over his protests." (Memorandum and order at p. 9). The court denied summary judgment to Mr. Jones and Sgt. Carey because the parties' submissions established a genuine issue of fact as to whether Sgt. Carey knew that Mr. Jones had been assaulted in the yard and was in further danger if he returned to the dorm.

The plaintiff's submissions establish that there is no reason to reach a different conclusion in dealing with his second motion for summary judgment. The evidence most favorable to Sergeant Carey, as the nonmoving party, still establishes that there is a disputed issue of material fact as to whether Sgt. Carey knew that Mr. Jones was in danger of being attacked by other inmates if he returned to the dorm.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** the plaintiff's summary judgment motion [Doc. 135].

**SO ORDERED**.

ENTERED: August 16, 2005

S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
